UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| KERRY HARMON, | Case No. 4:17-cv-00485-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CITY OF POCATELLO; POCATELLO POLICE DEPARTMENT; and SHANON BLOXHAM, BRANDON VAIL, SHAUN WRIGHT, and RUSS GUNTER in his and/or her individual capacity as a police officer for the Pocatello Police Department, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Defendants City of Pocatello, City of Pocatello Police Department, Shannon Bloxham, Brandon Vail, Shaun Wright, and Russ Gunter's (collectively "Defendants") Motion for Attorney Fees. Dkt. 39. Defendants have also filed a Bill of Costs. Dkt. 40.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the

Motion.

## II. BACKGROUND

On November 28, 2017, Plaintiff Kerry Harmon filed her complaint, alleging seven civil rights causes of action under 42 U.S.C. § 1983: (1) a Constitutional violation for unlawful entry, seizure, and arrest; (2) a Constitutional violation for failing to communicate legal justification for an arrest; (3) a Constitutional violation for use of excessive force; (4) a Constitutional violation for malicious prosecution; (5) a Constitutional violation for failure to intervene; (6) a Constitutional violation for failure to train; and (7) a *Monell* claim based on "widespread practices and/or policies" of the Pocatello Police Department. Dkt. 1.

On May 3, 2019, the parties filed cross-motions for summary judgment. Dkts. 21, 22. The Court held oral argument on July 1, 2019, and on January 7, 2020, the Court issued an order granting summary judgment in Defendants' favor. Dkt. 37.

Defendants subsequently filed the instant motion for attorney fees arguing they are entitled to litigation reimbursement because Harmon brought frivolous claims against them. Harmon opposes the motion outright[1], asserting that while the Court may have ultimately ruled against her, she had a legitimate basis for her suit.

## III. ANALYSIS

In general, each party to a lawsuit bears its own attorney fees unless Congress has provided otherwise through statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

---

[1] In other words, Harmon does not even mention hourly rates, hours billed, or total fees in her opposition brief. She objects to the award as a whole.

In any action to enforce a provision of 42 U.S.C. § 1983, the Court, in its discretion, may award the prevailing party their reasonable attorney fees as part of the costs. 42 U.S.C. § 1988(b). "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). The Ninth Circuit has determined that a prevailing civil rights *defendant* should be awarded attorney fees when the action brought is found to be "unreasonable, frivolous, meritless or vexatious." *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

In this case, Defendants assert that Harmon's lawsuit was unreasonable, meritless, and without foundation. In support, Defendants rely on various statements from the Court's prior decision granting summary judgment—particularly statements the Court made concerning the validity of the warrant at issue and the lack of any constitutional depravations Harmon suffered.

Harmon counters that while it is true "the Court found Summary Judgment for all claims for the Defendant, it does not mean that Plaintiff's case was pursued frivolously without foundation." Dkt. 42, at 2. Under the circumstances, the Court agrees.

In this case, Harmon brought weighty constitutional challenges against numerous individuals. The factual events that took place on the night in question were somewhat unique. The Court's decision on summary judgment was nearly 50 pages, analyzed dozens of prior cases, and addressed complex legal principles such as qualified immunity, unconstitutional government action, and what constitutes an arrest. While the length of the Court's decision is by no means determinative of the strength of any parties' position, it

suffices the Court to note that this case did entail numerous difficult questions that required lengthy analysis.[2]

And while the Court did not ultimately find in Harmon's favor—and, as Defendants correctly point out, even used strong language in support of Defendants' actions—that does not mean that Harmon's claims were meritless or without foundation. Arrest, seizure, excessive force, prosecution, and the other constitutional challenges here are very fact specific and—as the Court noted in its decision—have sometimes resulted in varied outcomes.

The Court determined Harmon's allegations in this case did not sufficiently rise to the level of any constitutional violations, but that is not to say that similar circumstances in another case would bring the same result. The Court did not make its finding in this case based on the complete absence of facts, but after carefully examining those facts (and the applicable law) and finding them wanting.

Defendants stress that even if the Court finds that Harmon did not bring her claims in "subjective bad faith" it can still award fees if the action was "frivolous, unreasonable, or without foundation." Dkt. 44, at 2 (*citing Jensen v. Stangel,* 762 F.2d 815, 817 (9th Cir. 1985). In this case, such is a distinction without a difference. The Court finds today that Harmon did not bring her claims in subjective bad faith, nor was the action "frivolous, unreasonable, or without foundation." While some of the claims may have been a bit of a

---

[2] The Court is not implying that any single decision was a particularly "close call," or a "slam dunk." Simply put, the relevant facts in this case—when measured up against the applicable law—warranted an in-depth review.

MEMORANDUM DECISION AND ORDER – 4

stretch and easier for the Court to summarily dismiss, others were more nuanced.

Finally, Harmon notes that the Court erred in its ruling concerning malicious prosecution because it made its decision based on the Cassie Hughes' investigation and not the prior telephone harassment charge. While not particularly relevant to the attorney fee issue, for clarity, the Court wishes to point out that this is an incorrect statement. Contrary to Harmon's assertions, while the Court did analyze the malicious prosecution claim as to Cassie Hughes, it also analyzed the claim as to the 2015 telephone harassment charge,[3] and broadly as to the whole situation of events that took place.[4] In each respect, the Court found no malicious prosecution.

## IV. CONCLUSION

In this case, the Court did not find sufficient factual basis to support any of Harmon's claims and granted summary judgment in Defendants favor. Insufficiency, however, is not the same as "frivolous, unreasonable, or without foundation." That standard denotes an absence of reason or purpose. Here, Harmon had reasons for bringing the types

---

[3] As the Court stated in its decision:

> Moreover, even if Harmon had alleged a claim for malicious prosecution with respect to her prior charge for telephone harassment—stemming from the original arrest warrant in the 2015 case, as will be explained in greater detail below, she cannot establish a lack of probable cause. This is fatal to Harmon's malicious prosecution claim. Specifically, with respect to the 2015 charges, there was a valid warrant establishing probable cause to arrest Harmon for telephone harassment. The fact that those charges were later dismissed does not signify any type of malicious prosecution, but only that the prosecutor decided to drop the charges.

*Harmon v. City of Pocatello*, No. 4:17-CV-00485-DCN, 2020 WL 104677, at *13 (D. Idaho Jan. 7, 2020).

[4] The Court did erroneously state that Harmon was not "prosecuted for either charge." *Id.* at *14. In reality, Harmon was prosecuted for the prior telephone incident, but the charges were later dropped (as the Court noted in its decision). This misstatement does not alter the Court's analysis.

of claims that she did, the Court simply found those reasons were not enough to rise to the level necessary to support such constitutional challenges.

## V. ORDER

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Attorney Fees (Dkt. 39) is DENIED.

DATED: April 2, 2020

_____
David C. Nye
Chief U.S. District Court Judge